UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| MILESTONE BANK,<br><br>Plaintiff,<br><br>v.<br><br>LONDZELL HARDY; and HVS FACILITY LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING AMENDED MOTION FOR LEAVE TO SERVE BY ALTERNATIVE MEANS (DOC. NO. 11)**<br><br>Case No. 2:26-cv-00167<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Milestone Bank has filed a motion for alternative service, seeking leave to serve Londzell Hardy and HVS Facility LLC by email, hand delivery to Mr. Hardy's home address, and mail to Mr. Hardy's home address and a business address.[1]  Because Milestone has shown the defendants cannot be located despite diligent efforts, and its proposed methods of service are reasonably calculated to apprise them of the action, the motion is granted.

LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure provides that a corporation, partnership, or other unincorporated entity may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized

---

[1] (Am. Ex Parte Mot. for Leave to Serve by Alternative Means (Mot.), Doc. No. 11.)

by appointment or by law to receive service of process."[2]  Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[3]  Because Milestone filed this action in the District of Utah, Utah law applies.

Under the Utah Rules of Civil Procedure an entity may be served "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive process."[4]  And an individual may be served by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[5]  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[6]  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the

---

[2] Fed. R. Civ. P. 4(h)(1)(A)–(B).

[3] Fed. R. Civ. P. 4(e)(1).

[4] Utah R. Civ. P. 4(d)(1)(E).

[5] Utah R. Civ. P. 4(d)(1)(A).

[6] Utah R. Civ. P. 4(d)(5)(A).

party."[7]  The method of service must be "reasonably calculated, under all the
circumstances, to apprise the named parties of the action."[8]

ANALYSIS

As explained below, Milestone has demonstrated diligent efforts to locate and
serve Mr. Hardy and HVS, and its proposed methods of service are reasonably
calculated to apprise them of this action.

According to Milestone, Mr. Hardy is HVS's registered agent.[9]  Milestone's
process server attempted service at an address HVS listed as its registered agent's
address with the Georgia Secretary of State.[10]  However, the occupant stated Mr. Hardy
did not reside there, and the landlord did not recognize Mr. Hardy's name.[11]  Next, the
process server attempted service at the address of Londzell Performing Arts Theatre,
which Milestone describes as "Mr. Hardy's current business."[12]  During the first attempt
an office manager stated the "intended business" was not located there, and during the
second attempt the business was closed.[13]  Finally, process servers attempted service

---

[7] *Id.*

[8] Utah R. Civ. P. 4(d)(5)(B).

[9] (Mot. 1 n.1, Doc. No. 11.)

[10] (*See id.* at 1; Aff. of Jared Luster (Luster Aff.), Doc. No. 11-3 (service attempt 1).)

[11] (Luster Aff., Doc. No. 11-3 (service attempt 1).)

[12] (Mot. 1 n.2, Doc. No. 11; Luster Aff., Doc. No. 11-3 (service attempts 3 & 4).)  Service
was also attempted at a UPS store, but Milestone does not explain the relevance of this
address.  (Luster Aff., Doc. No. 11-3 (service attempt 2).)

[13] (Luster Aff., Doc. No. 11-3 (service attempts 3 & 4).)

six times at Mr. Hardy's home address.[14]  The leasing manager and other residents of the apartment building confirmed Mr. Hardy lived there, and the process server observed voices and movement inside during one attempt, but no one answered the door.[15]  Milestone has demonstrated its attempts to serve Mr. Hardy and HVS were reasonably diligent.

Milstone proposes to serve the defendants by (1) emailing the documents to Mr. Hardy, (2) leaving the documents at the door of Mr. Hardy's home address, and (3) mailing the documents to Mr. Hardy's home address and the address of his new business (Londzell Performing Arts Theatre).[16]  Milestone provided evidence that Mr. Hardy listed the email address on a personal financial statement in March 2025, and Milestone's predecessor-in-interest regularly communicated with him at this email address.[17]  The process server's affidavit also establishes Mr. Hardy's home address is valid, where the leasing manager confirmed he lived there.  With this evidence, Milestone has demonstrated service via email to Mr. Hardy's email address and mail and hand delivery to his home address, in combination, are reasonably calculated to provide the defendants with actual notice of this action.

---

[14] (*Id.* (service attempts 5 & 6); Aff. of Anton Floyd, Doc. No. 21 at 4–5.)

[15] (Luster Aff., Doc. No. 11-3 (service attempts 5 & 6); Aff. of Anton Floyd, Doc. No. 21 at 4–5.)

[16] (Mot. 1–2, Doc. No. 11.)

[17] (Aff. of Nick Heath (Heath Aff.) ¶¶ 4–5, Doc. No. 15; Ex. A to Heath Aff., Doc. No. 15-1 (personal financial statement and emails).)

As to the Londzell Performing Arts Theatre, Milestone provides no evidence supporting its assertion that it is Mr. Hardy's new business.  Thus, mail to this business address would be insufficient, on its own, to apprise the defendants of this action.  But where Milestone proposes this method in addition to the other, adequate methods described above, it is included below.

CONCLUSION

Because Milestone has diligently attempted to serve Mr. Hardy and HVS, and its proposed methods of service (in combination) are reasonably calculated to apprise the defendants of this action, the motion for alternative service[18] is granted.  The court orders as follows:

1.  Milestone may serve Mr. Hardy and HVS by doing each of the following:

    a.  mailing a summons, the operative complaint, and a copy of this order to Mr. Hardy's home address and the address of Londzell Performing Arts Theatre;

    b.  leaving the same documents at the door of Mr. Hardy's home address; and

    c.  emailing the same documents to Mr. Hardy's email address (londzell@gmail.com) three times per week for two consecutive weeks, not more often than once every other day (unless a reply is received acknowledging receipt).

---

[18] (Doc. No. 11.)

2.  Service shall be deemed complete upon completion of the steps set forth

above.  Milestone shall file proof of compliance with this order.

DATED this 22nd day of May, 2026.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge